(October 31, 1973)

■ ROUSE CONSTRUCTION CORP., Appellant-Respondent, v. STATE UNIVERSITY CONSTRUCTION FUND, Respondent-Appellant.— Judgment unanimously modified on the law in accordance with memorandum, and as modified affirmed, without costs. Memorandum: Rouse Construction Corporation (Rouse) was the low bidder to the State University Construction Fund (Fund) for the construction of a physical science building at the State University of New York at Oswego. Since the bid exceeded the funds allocated to the project, changes in the specifications were made to reduce the cost. Rouse performed the contract. Subsequently a dispute arose between the Fund and Rouse with respect to the amount of credit to be allowed the Fund for the changes. The dispute was not resolved, and Rouse proceeded to make application for semifinal payment under protest and reserved its rights. The contract provided that a refusal " to execute the semi-final estimate without protest and without reserving rights or claims against the Fund * * * shall constitute a waiver of any right to interest on the amount of the payment ". Rouse thereafter brought an action against the Fund for the amount of the semifinal payment with interest, and, in a first cause of action asked for the amount by which it was alleged to have been damaged by the Fund's alleged incorrect computation of the credit. Rouse moved for and was granted partial summary judgment on its second cause of action. Pursuant to agreement between the parties the severed judgment provided that the question of interest on the amount thereof was to be held in abeyance until the first cause of action was determined. The first cause of action was correctly resolved by the trial court in favor of the Fund. In view of the fact that Rouse did not establish the validity of its claim on its first cause of action, it is not entitled to interest upon the amount awarded it by summary judgment in the second cause of action (*Warren Bros. Co.* v. *New York State Thruway Auth.,* 34 A D 2d 97; see, also, *Yonkers Contr. Co.* v. *New York State Thruway Auth.,* 25 N Y 2d 1, 5; *Terry Contr.* v. *State of New York,* 23 N Y 2d 167, 172; *Higgins & Sons* v. *State of New York,* 20 N Y 2d 425, 429). (Appeals from part of judgment of Oswego Trial Term in action on contract.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Simons, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARTIN SOSTRE, Appellant.— Judgment modified to provide that sentences shall run concurrently, and as modified affirmed. Memorandum: The record discloses a proper case for the modification of the sentence under the authority of section 543 of the Code of Criminal Procedure (now CPL 470.15 subd. 6, par. [b]). All concur, except Moule, J., who dissents and votes to affirm the judgment, citing *People* v. *Gittelson,* 18 N Y 2d 427. (Appeal from judgment of Erie County Court convicting defendant of violation of subdivision 1 of section 1751, section 1751-a and subdivision 5 of section 242 of the Penal Law.) Present — Goldman, P. J., Marsh, Moule, Cardamone and Henry, JJ.